IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BYLINE BANK, an Illinois State Bank,

    Plaintiff,

v.

IVAN PAVLOV, an Individual,

    Defendant.

Case No.

## COMPLAINT

BYLINE BANK ("Byline"), by and through its attorneys, TAFT STETTINIUS & HOLLISTER, LLP, for its breach of contract complaint against IVAN PAVLOV ("Pavlov"), states as follows:

### Parties, Jurisdiction and Venue

1. Byline is an Illinois state bank that maintains its principal place of business in Cook County, Illinois. Byline is therefore a citizen of Illinois.

2. Pavlov is an individual who maintains his principal place of residence in Sunny Isles Beach, Florida. Defendant Pavlov is therefore a citizen of Florida.

3. The case is based on the parties' diversity of citizenship under 28 U.S.C. § 1332(a)(1) because it is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the wrongful acts complained of herein arise out of, and are related to, the business that Pavlov transacted and the acts that he has committed within this District.

**Factual Allegations**

The 6540 Loan

5.      On or about February 4, 2021, General Trans Group, Inc. ("General Trans Group") borrowed $2,270,000.00 from Byline (the "6540 Loan") for business purposes. The 6540 Loan is evidenced by, *inter alia*: (i) a Business Loan Agreement dated as of February 4, 2021, by and between General Trans Group and Byline (the "6540 Loan Agreement"); and (ii) a Promissory Note executed by General Trans Group, dated February 4, 2021, in the principal amount of $2,270,000.00 (the "6540 Note," and sometimes collectively with the 6540 Loan Agreement, the "6540 Loan Documents"). True and accurate copies of the 6540 Loan Agreement and the 6540 Note are attached hereto as **Exhibit 1** and **Exhibit 2,** respectively**.**

6.      Pursuant to the terms of the 6540 Loan Documents, General Trans Group was required to, *inter alia*: (i) maintain all of its deposit accounts with Byline as required by the 6540 Loan Agreement's "Financial Covenants and Ratio" section; (ii) provide to Byline General Trans Group's tax returns for the years ending 2021 and 2022, as required by the 6540 Loan Agreement's "Affirmative Covenants" section; and (iii) provide to Byline General Trans Group's annual financial statements for the year ending 2022, as required by the 6540 Loan Agreement's "Affirmative Covenants" section.

7.      On or about October 4, 2022, General Trans Group executed a Change in Terms Agreement (the "6540 CTA"), which, *inter alia*, changed the collateral and payment provisions of the 6540 Note. The 6540 CTA specifically states that "the terms of the original obligation or obligations, including all agreements evidenced or securing the obligations(s), remain unchanged and in full force and effect." As such, the confession of judgment clause in the 6540 Note remained in full force and effect after the execution of the 6540 CTA. A true and accurate copy of the 6540

CTA is attached hereto as **Exhibit 3**.

8. Contemporaneously with the execution of the 6540 Loan Documents, Pavlov executed an absolute, unconditional, continuing, unlimited guaranty of all of General Trans Group's indebtedness to Byline, whether then existing or thereafter incurred, including, *inter alia*, all amounts due and owing to Byline pursuant to the 6540 Amended Note, the 6642 Note (as that term is defined below), and the 0568 Amended Note (as that term is defined below (the "Guaranty"). A true and accurate copy of the Guaranty is attached hereto as **Exhibit 4**.

9. General Trans Group is in default under the terms of the 6540 Loan Agreement and the 6540 Note, as amended by the 6540 CTA (collectively referred to herein as the "6540 Amended Note"), because, *inter alia*, it has failed and refused, and continues to fail and refuse, to: (i) maintain all of its deposit accounts with Byline; (ii) provide to Byline General Trans Group's tax returns for the years ending 2021 and 2022; and (iii) provide to Byline General Trans Group's annual financial statements for the year ending 2022. In addition, General Trans Group's failure to pay all amounts due under the 6642 Note (as that term is defined below) after it matured on May 4, 2023 constitutes an additional default under the 6540 Loan Documents.

10. Pavlov is in default under the Guaranty because he failed and refused, and continues to fail and refuse, to pay all amounts due under the 6540 Amended Note, as required by the Guaranty, after General Trans Group defaulted under the 6540 Loan Documents.

11. On or about May 16, 2023, Byline sent a letter to General Trans Group and Pavlov (the "6540 Notice of Default") stating that General Trans Group was in default under the terms and conditions of the 6540 Loan Documents. In the 6540 Notice of Default, Byline accelerated all amounts due under the 6540 Note and demanded that the balance due thereunder be paid in full immediately or else Byline would begin to exercise its rights and remedies under the 6540 Loan

3

Documents and/or the Guaranty. A true and accurate copy of the 6540 Notice of Default is attached hereto as **Exhibit 5**.

12. To date, the defaults under the 6540 Loan Documents and the Guaranty have not been cured.

### The 0568 Loan

13. On or about May 2, 2022, General Trans Group borrowed $2,000,000.00 from Byline (the "0568 Loan") for business purposes. The 0568 Loan is evidenced by, *inter alia*: (i) a Business Loan Agreement dated as of May 2, 2022, by and between General Trans Group and Byline (the "0568 Loan Agreement"); and (ii) a promissory note executed by General Trans Group, dated May 2, 2022, in the principal amount of $2,000,000.00 (the "0568 Note," and sometimes collectively with the 5068 Loan Agreement, the "0568 Loan Documents"). True and accurate copies of the 0568 Loan Agreement and the 0568 Note are attached hereto as **Exhibit 6** and **Exhibit 7**, respectively.

14. Pursuant to the terms of the 0568 Loan Documents, General Trans Group was required to, *inter alia*: (i) maintain all of its deposit accounts with Byline as required by the 0568 Loan Agreement's "Financial Covenants and Ratio" section; (ii) provide to Byline General Trans Group's tax returns for the years ending 2021 and 2022, as required by the 0568 Loan Agreement's "Affirmative Covenants" section; and (iii) provide to Byline General Trans Group's annual financial statements for the year ending 2022, as required by the 0568 Loan Agreement's "Affirmative Covenants" section.

15. On or about February 3, 2023, General Trans Group executed a change in terms agreement (the "0568 CTA"), which, *inter alia*, changed the collateral and payment provisions of the 0568 Note. The 0568 CTA specifically states that "the terms of the original obligation or

obligations, including all agreements evidenced or securing the obligations(s), remain unchanged and in full force and effect." As such, the confession of judgment clause in the 0568 Note remained in full force and effect after the execution of the 0568 CTA. A true and accurate copy of the 0568 CTA is attached hereto as **Exhibit 8**.

16. General Trans Group is in default under the terms of the 0568 Loan Agreement and the 0568 Note, as amended by the 0568 CTA (collectively referred to herein as the "0568 Amended Note") because, *inter alia*, it has failed and refused, and continues to fail and refuse, to, *inter alia*: (i) maintain all of its deposit accounts with Byline; (ii) provide to Byline General Trans Group's tax returns for the years ending 2021 and 2022; and (iii) provide to Byline General Trans Group's annual financial statements for the year ending 2022. In addition, General Trans Group's failure to pay all amounts due under the 6642 Note (as that term is defined below) after it matured on May 4, 2023 constitutes an additional default under the 0568 Loan Documents.

17. Pavlov is in default under the Guaranty because he failed and refused, and continues to fail and refuse, to pay all amounts due under the 0568 Loan Documents, as required by the Guaranty, after General Trans Group defaulted under the 0568 Loan Documents.

18. On or about May 16, 2023 Byline sent a letter to General Trans Group and Pavlov (the "0568 Notice of Default") stating that General Trans Group was in default under the terms and conditions of the 0568 Loan Documents. In the 0568 Notice of Default, Byline accelerated all amounts due under the 0568 Amended Note and demanded that the balance due thereunder be paid in full immediately or else Byline would begin to exercise its rights and remedies under the 0568 Loan Documents and/or the Guaranty. A true and accurate copy of the 0568 Notice of Default is attached hereto as **Exhibit 9**.

19.     To date, the defaults under the 0568 Loan Documents and the Guaranty have not been cured.

## The 6642 Loan

20.     On or about May 4, 2022, General Trans Group borrowed $3,000,000.00 from Byline (the "6642 Loan") for business purposes. The 6642 Loan is evidenced by, *inter alia*: (i) a Business Loan Agreement dated as of May 4, 2022, by and between General Trans Group and Byline (the "6642 Loan Agreement"); and (ii) a promissory note executed by General Trans Group, dated May 4, 2022, in the principal amount of $3,000,000.00 (the "6642 Note," and sometimes collectively with the 6642 Loan Agreement, the "6642 Loan Documents"). True and accurate copies of the 6642 Loan Agreement and the 6642 Note are attached hereto as **Exhibit 10** and **Exhibit 11**, respectively.

21.     Pursuant to the terms of the 6642 Loan Documents, General Trans Group was required to, *inter alia*: (i) pay all amounts due under the 6642 Note after it matured on May 4, 2023; (ii) maintain all of its deposit accounts with Byline as required by the 6642 Loan Agreement's "Financial Covenants and Ratio" section; (iii) provide to Byline General Trans Group's tax returns for the years ending 2021 and 2022, as required by the 6642 Loan Agreement's "Affirmative Covenants" section; and (iv) provide to Byline General Trans Group's annual financial statements for the year ending 2022, as required by the 6642 Loan Agreement's "Affirmative Covenants" section.

22.     General Trans Group is in default under the terms of the 6642 Loan Documents because, *inter alia*, it has failed and refused, and continues to fail and refuse, to: (i) pay all amounts due under the 6642 Note after it matured on May 4, 2023; (ii) maintain all of its deposit accounts with Byline; (iii) provide to Byline General Trans Group's tax returns for the years ending 2021

and 2022; and (iv) provide to Byline General Trans Group's annual financial statements for the year ending 2022.

23. Pavlov is in default under the Guaranty because he failed and refused, and continues to fail and refuse, to pay all amounts due under the 6642 Loan Documents, as required by the Guaranty, after General Trans Group defaulted under the 6642 Loan Documents.

24. On or about May 16, 2023, Byline sent a letter to General Trans Group and Pavlov (the "6642 Notice of Default") stating that General Trans Group was in default under the terms and conditions of the 6642 Loan Documents. In the 6642 Notice of Default, Byline accelerated all amounts due under the 6642 Note and demanded that the balance due thereunder be paid in full immediately or else Byline would begin to exercise its rights and remedies under the 6642 Loan Documents and/or the Guaranty. A true and accurate copy of the 6642 Notice of Default is attached hereto as **Exhibit 12**.

25. To date, the defaults under the 6642 Loan Documents and the Guaranty have not been cured.

## CAUSE OF ACTION
## (BREACH OF THE GUARANTY)

26. Byline restates, realleges and incorporates by reference Paragraphs 1 through 25 of this Complaint as if they were fully set forth herein.

27. The Guaranty constitutes a valid agreement pursuant to which Pavlov was obligated to perform.

28. Pavlov has failed and refused, and continues to fail and refuse, to make the required payments due under the Guaranty.

29. Pavlov's failure to make the required payment due under the Guaranty constitutes a material breach of the Guaranty.

7

30. Accounting for all principal and interest due, plus advances for real estate taxes and other miscellaneous expenses, and applying credits for all payments made, the balance due under the 6540 Amended Note, the 0568 Amended Note, and the 6642 Note, as of December 11, 2023, is $7,884,438.70, plus accrued and unpaid interest from December 11, 2023, through the date of judgment.

31. Interest on the 6540 Amended Note is accruing, at the contract rate of interest, at $492.40 per diem.

32. Interest on the 0568 Amended Note is accruing, at the contract rate of interest, at $594.41 per diem.

33. Interest on the 6642 Note is accruing, at the contract rate of interest, at $1,144.33 per diem.

34. Byline has performed all conditions precedent under the 6540 Amended Note, the 0568 Amended Note, and the 6642 Note, and the Guaranty.

WHEREFORE, Byline Bank respectfully requests that this Court enter judgment in its favor and against Defendant, Ivan Pavlov, as follows:

    a. Damages of $7,884,438.70, plus all pre-judgment interest accruing under the 6540 Amended Note, the 0568 Amended Note, and the 6642 Note from December 11, 2023 to the date of judgment;

    b. Costs of this suit and attorneys' fees pursuant to the Guaranty, and

    c. Any such further relief as justice and equity may require.

Dated: December 18, 2023	Respectfully Submitted,

                                                        BYLINE BANK

                                                        By: /s/ *William J. Serritella, Jr.*
                                                                    One of its attorneys

William J. Serritella, Jr.
wserritella@taftlaw.com
Nicollette L. Khuans
nkhuans@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, 26th Floor
Chicago, Illinois 60601
Tel: (312) 527-4000

9